84   201
29ap  44
30ap  19

ORLO M. BUMP, as Administrator, etc., of SUSANNAH G. WARREN, Deceased, Appellant, *v.* MARY PRATT and Another, Respondents.

*Declarations of a decedent — competency of, under Code of Civil Procedure, § 829 — valid gift causa mortis or inter vivos — upheld through a trust — acceptance thereof implied.*

The deceased person referred to in section 829 of the Code of Civil Procedure is the one over whose property the controversy in issue is made.

The declarations of a deceased person are not inadmissible in evidence upon the trial of an action by reason of such section, if neither the party testifying to them, nor the party against whom they are offered derives any title to or interest in the property in question under the decedent.

Proof of the declaration of a deceased person, whether verbal or written, will, if relevant, be received in evidence upon the trial of an action, when the deceased had knowledge of the facts in regard to the subject of the declaration, and the declaration was against his interest.

To constitute a valid gift either *causa mortis* or *inter vivos* there must be such an actual or constructive delivery of the possession of the subject of the gift as to place it in the actual possession of the donee, or of some person for the donee and beyond the possession and control of the donor.

The delivery of bonds by a donor to a third person, with directions to deliver the same to the donee at some future time, creates such a trust in the person to whom the bonds are delivered as to vest both the title in the donee and the possession in the third person as trustee for the use and benefit of the donee, and is such a parting with the possession and title of the donor as to work an absolute change of title, and prevent even the donor from reclaiming the possession thereof, without the consent of the *cestui que trust* or donee.

To uphold a gift through a trust, there must be an explicit declaration of trust or circumstances which show, beyond a reasonable doubt, that a trust was intended to be created, and there must be, on the part of the donor, an intent to give, and a delivery in pursuance of such intent to or for the donee, and such delivery, whether actual or constructive, must be such as will operate to divest the donor of possession, and of dominion over the subject of the gift, and in such a case acceptance may be implied, when the gift, otherwise complete, is beneficial to the donee.

HERRICK, J., dissenting.

APPEAL by the plaintiff, Orlo M. Bump, as administrator, etc., of Susannah G. Warren, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 22d day of June, 1894, upon the report of a referee dismissing the plaintiff's complaint, and adjudging the defendant Mary Pratt to be the owner of certain bonds.

*Calvin S. McChesney* and *Charles E. Patterson*, for the appellant.

*N. Davenport*, for the respondents.

MAYHAM, P. J.:

The reception of the evidence of Mary Pratt, one of the defendants, in her own behalf, under the objections of the plaintiff, was not error. The declarations of Miss Cornell testified to by the defendant, were not against the survivor of Miss Cornell in the sense in which such declarations are prohibited by section 829 of the Code of Civil Procedure, for the reason that the survivor acquired no interest under or through his deceased co-administrator. Nor does defendant derive her title to or interest in the property in controversy from Miss Cornell, to whose declarations she testified.

As was said by the learned referee, "The deceased person referred to in § 829 is clearly one over whose property the controversy at issue is made." The controversy is over the property of the plaintiff's intestate, and not that of Millicent Cornell, whose declarations were sought to be proved.

While the declaration of Miss Cornell (to which the defendant testified) was hearsay, it was not that kind of hearsay which is condemned by the rules of evidence, but comes within one of the well-established exceptions to the general rule which excludes hearsay evidence, and that exception to the general rule seems to have been the ground upon which the learned referee received the evidence.

That exception allows proof of the declarations of deceased persons, whether verbal or written, to be received in evidence when the deceased had possession of competent knowledge, and the declaration is against the interest of the person making it.

Greenleaf, in his elementary treatise on Evidence, states the rule as follows: "This class embraces not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared, or at a subsequent day. But to render them admissible it must appear that the declarant is deceased; that he possessed competent knowledge of the facts, or that it was his duty to know them, and that the declarations were at variance with his interest. When these circumstances concur the evidence is received, leaving its weight and value to be determined by other considerations." (1 Greenl. Ev. § 147.) In support of this rule the author cites numerous cases, English and American. It seems that the evidence offered and received was fortified by all the essential requirements to make it competent within this exception. Miss Cornell was an heir at law of the intestate, and her declaration tended to diminish her share of her inheritance and was against her interest.

She was possessed of knowledge of all the facts of the subject upon which she assumed to speak, and at the time her statement was offered in evidence she was deceased.

The evidence being, therefore, competent it was the duty of the referee to receive it, and with the other evidence in the case to give it such weight as it deserved. This brings us to the consideration of the main question in this case, whether the transaction as proved establishes a gift *inter vivos* of these bonds to the defendant Mrs. Pratt.

The referee states in his opinion that the intestate in her lifetime, " in pursuance of her previously declared intention to give property of about that value to Mrs. Pratt, and as she subsequently stated

that she had done, deliver the bonds to Miss Cornell, with the instructions to which Mrs. Pratt testifies, and that she did it with intent to transfer the bonds to Mrs. Pratt."

These findings of fact seem to be supported by sufficient evidence. Do they establish a valid gift so as to vest the title in the defendant Pratt?

To constitute a valid gift, either *causa mortis* or *inter vivos*, there must be such an actual or constructive delivery of the possession as to place the subject of the gift beyond the possession and control of the donor and place it in the actual possession of the donee, or of some person for the donee. Assuming, as I think we must, that the referee's finding of the question of fact upon this point is supported by the evidence, then there was a delivery of these bonds by the intestate in her lifetime to Miss Cornell for the defendant Pratt, with directions that they should at some time thereafter be delivered to the donee. That, we think, within the authorities, was such a parting with the possession by the donor, and delivery to another for the donee, as to vest the title in the donee. From that time the defendant had such a title and possession through Cornell, as her trustee or agent, as would have enabled her to maintain an action for their delivery to her in person, or against any other person, for their conversion or destruction.

The delivery of these bonds by the donor to Cornell, with directions to deliver them to the donee, created such a trust in Cornell as to vest both the title in the donee and the possession in the trustee for the use and benefit of the donee, and was such a parting with the possession and title of the donor by her, as to work an absolute change of title and prevent even the donor from reclaiming the possession without the consent of the *cestui que trust* or donee.

In *Young* v. *Young* (80 N. Y. 430) the court, by RAPALLO, J., in discussing the necessity of delivery to constitute a valid gift, uses this language: " To establish a valid gift, a delivery of the subject of the gift to the donee, or to some person for him, so as to divest the possession and title of the donor, must be shown."

In that case the bonds were not delivered by the donor to a third person for the donee, but were kept among the donor's papers in an envelope indorsed with a statement that the interest was to belong to the donor during his life, and at his death they were to belong

absolutely to the donee, and the court held that there was not such a delivery as to constitute a gift. While the language above quoted from the opinion in *Young* v. *Young* (*supra*) was not, perhaps, necessary to the decision of that case, and as to that case was *obiter*, still, it is doubtless a correct statement of the law in cases of gifts of personal property.

In *Beaver* v. *Beaver* (117 N. Y. 421) it was held that in order to uphold a gift through a trust, there must be an explicit declaration of trust or circumstances which show beyond a reasonable doubt that a trust was intended to be created, and there must be on the part of the donor an intent to give, and a delivery in pursuance of such intent to, or for, the donee, and such delivery, whether actual or constructive, must be such as will operate to divest the owner of possession, and of dominion over the subject of the gift, and in such a case acceptance may be implied, when the gift, otherwise complete, is beneficial to the donee.

Starting with the assumption of the facts as found, and applying them to the rules of law above adverted to, it would seem to follow that, in the case at bar, there was a valid gift *inter vivos* of these bonds to the defendant Mrs. Pratt.

The intention to make this gift by the donor does not rest entirely in the declaration of the intestate to Miss Cornell as disclosed by her statement to the defendant Pratt of the delivery of the bonds to her. The intestate had, on numerous occasions, signified by her statement a purpose of making a gift to the defendant as a compensation for losses she had indirectly suffered by the failure of a relative to pay defendant's mother a debt due her.

That purpose, as it would seem from the evidence, she put into execution by giving these bonds to the defendant, and delivering them to Miss Cornell for her. And while the hearsay proof by which this gift is established is not of the most satisfactory character, yet as it was, as we have seen, competent evidence, and was with other facts before the referee sufficient to convince him of the *factum* of the gift, and is in no way contradicted or assailed by counter proof, his determination of that question of fact should not be interfered with on this appeal.

It is urged by the learned counsel for the appellant that some suspicion attaches to the conduct of these defendants in not dis-

closing to the plaintiff the fact of the defendant's claimed ownership of these bonds. But it is to be observed that Miss Cornell, the plaintiff's co-administratrix, failed to claim these bonds for inventory, although it was her sworn duty to do so if the bonds belonged to the estate of the intestate, and as she knew of the existence of these bonds, and that they were in the possession of the defendant Pratt, the presumption that she knew and recognized the validity of the defendant Pratt's title and possession would seem to be stronger than any presumption arising from the failure of the defendants to inform the plaintiff of the existence and whereabouts of these bonds.

Indeed, if these facts have any significance, they tend to strengthen the theory that Miss Cornell, the administrator and the defendants all knew that the bonds did not belong to the estate of plaintiff's intestate.

On the whole case, we think the conclusion of the referee was correct, and that the judgment, upon his report, should be affirmed.

PUTNAM, J., concurred ; HERRICK, J., dissenting.

Judgment affirmed, with costs against the administrator as such.