(26 App. Div. 570.)

## MORAN v. ABBOTT et al.

(Supreme Court, Appellate Division, Second Department. March 22. 1898.)

1. REPLEVIN—NECESSITY OF DEMAND.

Before an action of replevin can be maintained against one who has the chattel in his lawful possession, there must be a demand for its delivery.

2. SAME.

Where a chattel is in the possession of a lessee and conditional vendee, who is in default in making the agreed payments, demand of payment does not constitute a compliance with the necessity of a demand for delivery, as a prerequisite to an action of replevin.

3. SAME—EVIDENCE OF DEMAND.

The testimony of an interested party, positively denying the receipt of a written demand which is shown to have been properly mailed, addressed to him at his place of residence, does not overcome the presumption of law that it was received, but presents a question of fact for the jury, and not for the court.

4. SAME—CONVERSION.

A lessee and conditional vendee of a piano, under a contract providing that it should not be removed from a specified locality, had it removed once without the written consent of the vendor, but with his knowledge and without his objection. Subsequently she had it removed again. There was nothing in the latter removal to indicate an intent to secrete it, and the facts would have warranted a finding that it was done for mere convenience. *Held*, in an action of replevin, that the removal could not be treated as a conversion, as matter of law, so as to dispense with the necessity for a demand.

Appeal from trial term, Westchester county.

Action by James H. Moran, as receiver, against Sarah C. Abbott and James J. Curry. From a judgment entered on a verdict under the direction of the court, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William A. Abbott, for appellant.

John C. Harrigan, for respondents.

HATCH, J. The piano which is the subject of this action came into the possession of the defendant Abbott by virtue of a lease of the same, coupled with a conditional agreement of sale. By the terms of this agreement, Mrs. Abbott was to pay for the use of the piano $7 a month, and, when she had paid the sum of $425, the vendor was to transfer title by bill of sale, the title prior to payment to remain in the vendor. The plaintiff is a receiver of this contract, and of all rights thereunder, having been appointed in an action brought by the Mathushek Piano Manufacturing Company against James Pearce, who was Mrs. Abbott's vendor. At the time this action was brought, there was due upon the contract about $180, and default in payment had been made by Mrs. Abbott. When the piano was delivered in pursuance of the contract, Mrs. Abbott was unmarried, and living with her mother. After her marriage, she removed to New Jersey, and the piano was left in the custody of her mother. The family moved after the delivery of the piano, and it was then removed, with the knowledge of the vendor, although no written consent of removal was given by the vendor, as provided in

the contract. The piano was subsequently removed from the house of the mother to that of her son, the defendant Curry, and was replevied from the latter's possession.

The only question presented by the record relates to whether a demand for the sums due under the contract or for a return of the property was made before the action was begun. The possession of the defendant was a lawful possession, and, before the action could be maintained, it was essential that a demand for a delivery of the property should have been made. Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404. The court ruled that no such demand had been established, and directed the jury to find a verdict for the defendant. To this ruling the plaintiff excepted. While the piano was in the possession of the mother, the plaintiff called upon her, and informed her of his appointment as receiver, and requested her to make payment. She had been authorized by Mrs. Abbott to represent her in connection with the contract. Consequently, a good demand could have been made upon her. No such demand was made by the plaintiff at this time. He then called to give notice of his title, and requested payment; and, upon Mrs. Curry's informing him that she was not prepared to pay, he arranged that another should call subsequently, and receive it. This was sufficient to constitute a demand for payment, but he made no demand in the alternative for payment or delivery of the property. Sherry, the agent of the plaintiff, testified that he called at Mrs. Curry's thereafter several times, to obtain the money, and at these times demanded payment. But at no time does he claim that he demanded a return of the chattel. This testimony therefore fails to establish such demand as the law requires. The subsequent demands by Sherry were denied by Mrs. Curry, and, if the demand had answered the requirement, it would still have left a question of fact for the jury. The plaintiff, however, relied upon a written demand which his attorney testified he made upon Mrs. Abbott. This demand was in the form of a letter which the attorney wrote to her, and sent by mail to her address in New Jersey. It was in all respects sufficient in form to constitute a good demand. Mrs. Abbott denied having ever received it. The testimony of the attorney was to the effect that he wrote the letter, sealed it in an envelope, deposited it in the post office in New York, directed as above stated, and that it had never been returned to him. It is undoubtedly the presumption that a letter, properly mailed, and addressed to the person at his or her place of residence, was received by such person. Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. 485. The learned court ruled, however, that the positive denial of Mrs. Abbott overcame such presumption. In this ruling, we think, the court was in error. Mrs. Abbott was a person interested in the event of the action, and it was within the province of the jury to reject her statement entirely. Consequently, when the proof upon this subject was all in, it presented a question of fact, which was for the jury to determine, and not the court. Land Co. v. Newman, 1 App. Div. 1, 36 N. Y. Supp. 960.

The removal of the piano from the mother's house to the son's cannot be treated as a conversion, as matter of law, so as to dispense with

the necessity for a demand. The proof shows, as we have seen, that the piano had been removed prior to the last removal, although no consent was obtained, and the vendor, with knowledge, raised no objection thereto. The jury might well say, in view of this circumstance, that there was waiver of this provision of the contract, and infer consent upon the part of the vendee that the piano might be removed, as convenience or necessity dictated. There was nothing in the removal which indicated an intent to secrete it, or place it beyond the reach of the vendor or his successor in interest. The occasion for the removal was—or the jury might have so found— that the room at Mrs. Curry's was too small to conveniently keep it there, and that this was the only reason why it was removed.

The error above noted seems to require a reversal of the judgment, and the granting of a new trial; costs to abide the event. All concur.