# THE
# New York Supplement
## VOLUME 70,
### AND
## New York State Reporter,
## VOLUME 104.

(35 Misc. Rep. 43.)

### SCHECHTER et al. v. WATSON.

#### (Supreme Court, Appellate Term. May 6, 1901.)

1. TROVER AND CONVERSION—EVIDENCE.
    Where there was no contradiction of plaintiff's evidence and witnesses, who were not impeached as to the ownership of property alleged to have been converted by defendant, it was error for the court to deny plaintiff relief on the ground that he did not believe the evidence of his witnesses.

2. SAME—DEMAND.
    Where defendant wrongfully exercised acts of ownership over mantles belonging to plaintiff, for which plaintiff sued in conversion, no demand for their return was necessary to entitle plaintiff to recover.

3. SAME.
    Where plaintiff sold certain mantles to a builder to be paid for on delivery, and the mantles were taken to the building to be delivered on payment, and plaintiff waited two days to make delivery and collect the price, but defendant ordered the mantles set in the building, and paid for the setting on Sunday, he was liable to plaintiff in conversion for the value of the mantles.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Kalman Schechter and others against Walter S. Watson. From a judgment of the New York city municipal court in favor of defendant and against plaintiffs, dismissing the complaint, plaintiffs appeal. Reversed.

Argued before BISCHOFF, Jr., P. J., and CLARKE and LEVENTRITT, JJ.

J. A. Seidman, for appellants.
Meyer & Josephson, for respondent.
    70 N.Y.S.—1

CLARKE, J. This is an action to recover for the conversion of 64 mantles, of the value of $223. The learned justice held, in dismissing the complaint:

"The complaint is dismissed for insufficiency of proof, and for the reason that the testimony of plaintiff is so varying and contradictory that the court is unwilling to issue a body execution upon it. Furthermore, neither Margolies nor plaintiff was the owner, and there was no proof of demand to return the property."

As there was no contradiction of the evidence of plaintiff and his witness, and said witnesses were not impeached, it was error to deny its conclusiveness. Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102.

The defendant having exercised an act of ownership by causing the mantles to be affixed to the building, no demand for their return was necessary; the sole object of a demand being to turn an otherwise lawful possession into an unlawful one by reason of a refusal to comply with it, and thus to supply evidence of a conversion. After a wrongful taking and carrying away of the property, the cause of action has become complete, without further act on plaintiff's part. Pease v. Smith, 61 N. Y. 477.

In the case at bar defendant never came into lawful possession of the property. It was taken to the building to deliver to the builder, Margolies, on payment. Plaintiff waited two days to make that delivery and collection. On Sunday defendant ordered the articles set in the building, and paid for that work done on that day. The conversion was completed, and no demand was necessary.

Judgment reversed, and new trial ordered, costs to abide event.