## J. L. MOTT IRON WORKS v. REILLY.

### (Supreme Court, Appellate Term. January, 1903.)

1. CONDITIONAL SALE—CONTRACT—CONTINUOUS POSSESSION.
    In the lien law (Laws 1897, c. 418, § 112), providing that conditions in a contract of conditional sale, accompanied by immediate delivery and continued possession of the thing to be sold, to the effect that the ownership is to remain in the vendor until paid for, shall be void as to purchasers in good faith, unless the contract is filed, etc., the "continuous possession" required refers to the possession in the vendee.

2. SAME—CONVERSION—DEMAND.
    Where bath tubs, which were sold to a plumber under a contract conditioned that the ownership should remain in the vendor until full payment, and that in default he could take and remove them, were sold and placed in a building by the plumber, the vendor cannot recover from the owner of the building as for conversion of the tubs without a previous demand for the tubs, or attempt to remove them.

3. SAME—CONVERSION—VALUE—PROOF.
    In an action of conversion by a conditional vendor of goods against a purchaser from the conditional vendee, proof of the price such vendee agreed to pay is no proof of the value of the goods.

Appeal from Municipal Court, Borough of Manhattan.

Action by the J. L. Mott Iron Works against Philip H. Reilly. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GREENBAUM and CLARKE, JJ.

Hugo S. Mack, for appellant.
Howe & Hummel, for respondent.

GREENBAUM, J.   This action was brought for the conversion of ten bath tubs placed in the apartments of the building No. 105 West 138th street, New York City.   The undisputed facts are that the plaintiff delivered "at the building or buildings situate on the north side of 138th street, 150 feet west of Lenox avenue," owned by one Schuyler, 70 bath tubs, to one Michael Hughes, a plumber, under a written agreement, dated May 11, 1901, that he would pay therefor the sum of $1,200 "within sixty days after delivery," and it was by this agreement "further understood and agreed that all the articles aforementioned are not to be considered as sold or the title thereto to be passed until the sum or sums above stated are fully paid in cash; that upon any breach by the undersigned Michael Hughes of the conditions for the payment of the purchase price or indebtedness or any part thereof above mentioned the J. L. Mott Iron Works or its agents shall have the right, power and authority to enter any place or places where such articles are or may be placed, and take and carry away the same, and thereupon the payment that may have been made by the undersigned Michael Hughes thereon shall be deemed to have been paid for the use of said articles up to the time of the removal and for the expense of removing the same."   The plumber, Hughes, had a contract with one Schuyler, the owner of the premises on 138th street, near Lenox avenue, for the plumbing work, including the furnishing and fitting up of the bath tubs in suit, in the houses that were then being erected by Schuyler.   The tubs were delivered to Hughes by the plaintiff, under the contract above set forth, in May, 1901, and they were put in the building at about the same time.   The contract was filed in the register's office of the county of New York on the 20th day of September, 1901.   On March 6, 1902, the premises were sold by a referee in a suit for the foreclosure of a mortgage to one Minnie Rose, from whom the defendant took title.   There was no proof that when the defendant became vested with the title of the premises and took possession he had any knowledge or notice of plaintiff's claim to the ownership of the bath tubs, and such knowledge was not acquired until the commencement of this action.   Nor was there any proof that the plaintiff or its agents attempted "to enter the place" where the bath tubs were for the purpose of taking or carrying them away, nor was any demand whatever made upon the defendant for the delivery up of the property.

The lien law (Laws 1897, c. 418, § 112) which is here invoked by the appellant is applicable to the "conditional sale of goods and chattels, accompanied by immediate delivery and continued possession of the thing contracted to be sold."   The "continuous possession" required by the statute obviously refers to a case where the continued possession of the chattel is intended to remain with the vendee.   In the case at bar the contract contemplates that the tubs are not to be in the continued possession of the vendee, but in the owner of the premises wherein the tubs were to be placed.   It is thus a matter of grave doubt whether the plaintiff in the case here presented comes

within the operation of the lien law. Assuming, however, merely for argument's sake, that the lien law is here available to him, and that the defendant was chargeable with notice of the plaintiff's title to the tubs by reason of the filing of the contract in the register's office, it is apparent that the tubs were lawfully in the defendant's premises, and therefore lawfully in his possession when the action was commenced, inasmuch as it did not appear that the plaintiff ever attempted to exercise the authority given to him to remove the tubs. A demand in such a case is an undoubted prerequisite to a recovery in conversion. Schechter v. Watson, 35 Misc. Rep. 43, 70 N. Y. Supp. 1, is easily distinguishable from this case, as it appeared in that case that the defendant took manual possession of plaintiff's property, without any acquiescence on the part of plaintiff, express or implied, and in disregard of the plaintiff's rights. In such a case there never was a lawful possession, and a demand was held unnecessary. It also appears in this case that the only proof of value was the price which Hughes agreed to pay plaintiff for the tubs. This is not evidence of value, and there was, therefore, no proof of value.

The judgment is affirmed, with costs. All concur.