IZIDORE FRIEDMAN, Appellant, *v.* ROBERT PHILLIPS and JOHN AUER, Individually and as the Firm of PHILLIPS & AUER, Respondents.

*Conditional sale of a chattel — when the vendee's interest may be mortgaged but may not be sold under execution.*

Where an installment contract for the sale of a piano provides that the title to the piano shall remain in the vendor until the purchase price is paid in full, and that the vendee shall be entitled to possession until default in the payment of any installment, the interest of the vendee prior to a default is mortgageable by her, but is not subject to a sale under an execution issued against her.

APPEAL by the plaintiff, Izidore Friedman, from a judgment of the County Court of Schenectady county in favor of the defendants, entered in the office of the clerk of the county of Schenectady on the 29th day of October, 1902, reversing a judgment of the City Court of the city of Schenectady in favor of the plaintiff.

*R. J. Cooper* and *Frank Cooper*, for the appellant.

*John D. Miller*, for the respondents.

KELLOGG, J.:

The action is for the conversion of the interest of appellant in a piano. The piano was sold July 10, 1897, by one Louis Trudeau to Sarah T. Thum for $225, payable in installments of $5 a month. The bill of sale was conditional, that is, the title was to remain in the vendor until full payment of the purchase price and possession to remain in vendee until default in payment of the stipulated installment. It is not claimed that there was any default in payments. One hundred and ninety dollars and fifty cents had been paid before this action was brought in January, 1900, leaving about $50 unpaid. The vendee, Sarah T. Thum, never surrendered possession; the vendor never took possession, nor so far as the record shows did he ever authorize possession to be taken by defendants, or by any other person. So far as the proof shows the vendor is still owner of the title. It appears by competent testimony that on November 13, 1899, defendants recovered a

judgment against Mrs. Thum; that a constable with execution to enforce the judgment took possession of the piano, and on November twenty-third sold it; that on the eighth day of December following, plaintiff demanded the possession of the piano from one of the defendants, who replied: " You cannot have that piano ; it does not belong to you." From this testimony the jury might have found that the defendants were in possession of the piano at the time the action was commenced, January 10, 1900, through the execution sale on their judgment. That defendants failed to prove that they came lawfully into possession, and the circumstances all showing an unlawful possession, no demand on the part of plaintiff was necessary before commencement of the action. The evidence received on the trial as to what the constable said was wholly incompetent; it was wholly immaterial. If it had been out of the case no different conclusion would have been proper. The appellant, on November 4, 1899, obtained from Mrs. Thum a mortgage upon her interest in the piano, and on December twelfth purchased from Mrs. Thum all her rights in the piano, and this action was begun January tenth following. The rights acquired by appellant through the mortgage and sale were property rights, the right to immediate possession and to receive the title on payment of the balance, about fifty-two dollars, to the original vendor Trudeau or to his successor in interest. In all respects the appellant stood in the place of the vendee. He might have obtained possession by replevin, or he might have waived replevin and sued for conversion, the taking having been unlawful. The value of Mrs. Thum's property right in the piano would be the measure of damages in such an action, that is, the value of the piano, when taken, less the unpaid purchase money, and this seems to have been the rule adopted in the City Court. That Mrs. Thum, on November 4, 1899, being then in possession and not having defaulted in payment, had a mortgageable interest in the piano, it seems to me, cannot be doubted. It was an equitable interest not reachable by execution, but recognized by statute (Laws of 1897, chap. 418, § 110 et seq. as amd.) and by common law as vendible.

So far as the records show the defendants were at all times strangers to the title and trespassers in obtaining possession. The learned County Court was, I think, in error in giving weight to the

immaterial testimony offered by plaintiff and received at the trial. The judgment of the City Court should have been affirmed.

I advise that the judgment of the County Court be reversed and the judgment of the City Court affirmed, with costs in this court and in the County Court.

All concurred.

Judgment of the County Court reversed and judgment of the City Court affirmed, with costs in the County Court and in this court.