ALBERT TOMPKINS et al., Respondents, v. FONDA GLOVE
LINING COMPANY, Appellant.

1. CONDITIONAL SALE — ORAL CONTRACT. Where machinery is sold to a corporation under an oral agreement by which the title was to remain in the vendors until the payment by the vendee of the purchase price, for which drafts were given, the transaction constitutes a conditional sale, although the agreement being oral is not filed as required by statute.

2. EVIDENCE — WHEN DECLARATIONS BY DECEASED OFFICER OF CORPORATION AGAINST HIS INTERESTS ARE ADMISSIBLE IN ACTION AGAINST THE CORPORATION. Where the vendee, while in default in the payment of the drafts given for the purchase price of the machinery, transferred it, together with other personal property, to a firm who were large creditors of the vendee, and such firm sold the machinery to a corporation against which the vendors brought an action for the conversion of the machinery, declarations made by a deceased stockholder and director of the defendant who had negotiated the purchase of the machinery for the defendant, are properly admitted to prove that the defendant had knowledge of the plaintiffs' claim of title to the machinery; not because the person making such declarations was an officer of the defendant, but for the reason that the declarant was dead; that he possessed competent knowledge of the facts and that the declarations were at variance with his interests and, therefore, likely to be true.

3. CONVERSION — ACTION AGAINST PURCHASERS OF PROPERTY SOLD BY VENDEES IN POSSESSION UNDER CONDITIONAL SALE — WHEN FAILURE TO DEMAND PROPERTY IS FATAL TO ACTION OF CONVERSION. Where it is found by the trial court, upon the trial of such action, " that no sufficient demand for the restoration of the property in question was made before the commencement of this action," such finding, approved by a unanimous decision of the Appellate Division, is fatal to a recovery by the plaintiffs, where it appears that after the default the vendor allowed the machinery to remain in the hands of the vendees, and, therefore, they had an interest which they could sell to the defendant, since it is the general rule that where property comes lawfully into the possession of a party he cannot be charged with conversion in failing to surrender it to the owner unless a demand therefor is made.

*Tompkins* v. *Fonda Glove Lining Co.*, 105 App. Div. 637, reversed.

(Argued March 13, 1907; decided April 9, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 5, 1905, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* for appellant. When Hilton sold and delivered the machinery to the Cayadutta Knitting Company, and agreed with it and with plaintiffs that the title to the machinery should remain in plaintiffs until the drafts which Hilton had originally accepted as purchase price of the property should be fully paid, nothing more was intended or effected than the giving of chattel security for the payment of the purchase money. ( *Weston* v. *Brown,* 158 N. Y. 360; *Wait* v. *Green,* 36 N. Y. 556; *Ballard* v. *Burgett,* 40 N. Y. 314; *Mott* v. *H. Nat. Bank,* 22 Hun, 359; *Hintermeister* v. *Lane,* 27 Hun, 497; *Donnelly* v. *McArdle,* 86 App. Div. 33; *Herryford* v. *Davis,* 102 U. S. 235; *C. R. E. Co.* v. *M. Nat. Bank,* 136 U. S. 268; *Earle* v. *Robinson,* 91 Hun, 363; *Brewer* v. *Ford,* 54 Hun, 116.) The trial court erred in admitting the declarations claimed to have been made by Titus Sheard, a director of the defendant, on the 23d of August, 1902, to the effect that he had notice of plaintiffs' claim when the sale was made to the defendant on the 31st of July, 1902. (*F. Nat. Bank* v. *O. Nat. Bank,* 60 N. Y. 278; *Cosgray* v. *N. E. P. Co.,* 22 App. Div. 455; *Goetz* v. *M. S. R. Co.,* 54 App. Div. 365.) The court erred in deciding as matter of law that the defendant unlawfully converted the machinery to its own use prior to the commencement of this action. (*Nelson* v. *Neil,* 12 Wkly. Dig. 154; *Goodwin* v. *Wertheimer,* 99 N. Y. 149; *Leven* v. *Smith,* 1 Den. 571; *Phelps* v. *Bostwick,* 22 Barb. 314; *Hall* v. *Robinson,* 2 N. Y. 293; *Brown* v. *Cook,* 9 Johns. 361; *Ryerson* v. *Kauffield,* 13 Hun, 387; *Gilbert* v. *M. I. Mfg. Co.,* 11 Wend. 625; *W. T. Co.* v. *Iron Works,* 100 N. Y. Supp. 254; *Stevens* v. *Hyde,* 32 Barb. 171.)

*William W. Morrill* for respondents. The testimony of Ernest Tompkins to declarations of Titus Sheard was competent. ( *Bump* v. *Pratt,* 84 Hun, 201; *Griffin* v. *Train,* 90 App. Div. 21; *McDonald* v. *Wesendonck,* 30 Misc. Rep.

601; *Bartlett* v. *Patton,* 10 S. E. Rep. 21; *Vogley* v. *Bloom,* 45 N. W. Rep. 10; *Heidenheimer* v. *Johnston,* 13 S. W. Rep. 46; *Hart* v. *Kendall,* 3 So. Rep. 41; *Friberg* v. *Douvan,* 23 Ill. App. 58.) There is no error in the sixth finding of law, namely, "that the defendant unlawfully converted the said machinery to its own use prior to the commencement of this action." (*Pease* v. *Smith,* 61 N. Y. 477; *Bernstein* v. *Warland,* 33 Misc. Rep. 282; *Hovey* v. *Bromley,* 85 Hun, 543; *Holden* v. *N. Y. & E. Bank,* 72 N. Y. 286; *Crayie* v. *Hadley,* 99 N. Y. 131; *M. Nat. Bank* v. *Tracey,* 77 Hun, 443; *Farrington* v. *Payne,* 15 Johns. 431; *Hallett* v. *Carter,* 19 Hun, 629; *Keefer* v. *Green,* 41 N. Y. S. R. 452.)

Cullen, Ch. J. The action is for the conversion of a quantity of machinery, the subject of a conditional sale made by the plaintiffs to the Cayadutta Knitting Company in 1896. The condition of the sale was that the title to the property sold by the plaintiffs should remain in them until the payment by the vendee of the purchase price, for which certain drafts were given. These drafts were renewed from time to time, but never paid. In 1901 the knitting company transferred the machinery, together with other personal property and real estate, to the firm of Littauer Brothers, who were large creditors of the company. In 1902 the property was sold by Littauer Brothers to the defendant, who, in consideration thereof issued a portion of its capital stock. The agreement between the plaintiffs and the knitting company was oral and, of necessity, was not filed as required by the statute; but the trial court found that both Littauer Brothers and the defendant had knowledge of the plaintiffs' title and that neither was a purchaser in good faith. It, therefore, awarded the plaintiffs the value of the goods converted. The learned counsel for the appellant, in an elaborate argument, contends that in effect the transaction between the original parties was not a conditional sale but a chattel mortgage and, therefore, void. We think this claim is not well founded, and that there are only two objections to the recovery which require our notice.

The evidence given by the plaintiffs to show that the defendant had knowledge of their claim were declarations of Titus Sheard, a stockholder and director of the defendant company, who negotiated the purchase of the property in suit from Littauer Brothers. Sheard had died before the time of the trial. This evidence was admitted against the objection and exception of the appellant, who contends that such admission was error. We think the law is settled otherwise. The fact that Sheard was a director and officer of the defendant did not render his admissions or declarations admissible as against the defendant. (*First Nat. Bank of Lyons* v. *Ocean Natl. Bank*, 60 N. Y. 278.) They were admissible, however, on another ground of which his connection with the defendant forms no factor, except that it was through that connection that the declarations made were against the interest of the declarant. Mr. Greenleaf states the rule (Evidence, sec. 147): " A third exception to the rule, rejecting hearsay evidence, is allowed in the case of declarations and entries made by persons since deceased, and against the interest of the persons making them, at the time they were made. We have already seen that declarations of third persons, admitted in evidence, are of two classes, one of which consists of written entries, made in the course of official duty or of professional employment   *   *   *. But declarations of the other class, of which we are now to speak, are secondary evidence, and are received only in consequence of the death of the person making them. This class embraces not only entries in books, but all other declarations or statements of facts, whether verbal or in writing, and whether they were made at the time of the fact declared or at a subsequent day. But, to render them admissible, it must appear that the declarant is deceased; that he possessed competent knowledge of the facts, or that it was his duty to know them; and that the declarations were at variance with his interests." Wigmore on Evidence (Vol. 2, sec. 1469) is to the same effect. The exact question was decided by this court in *Lyon* v. *Ricker* (141 N. Y. 225) in accordance with the rule stated in the authorities cited. There

Judge Peckham, after reviewing the authorities, said : " The court receives declarations of a deceased person against his interest because of the likelihood of their being true, of their general freedom from any reasonable probability of fraud, and because they cannot be set up or proven until the death of the party making them. We think it plain that the declarations of the deceased grantor were admissible against the defendant, although the latter claimed nothing under the grantor, and was not, therefore, strictly in privity with him." (See, also, *Bump* v. *Pratt*, 84 Hun, 201; *Griffin* v. *Train*, 90 App. Div. 16.)

The second objection, however, we think fatal to the recovery. Though the evidence may have admitted of a different conclusion, the trial court found, at the request of the defendant, " That no sufficient demand for the restoration of the property in question was made before the commencement of this action." The universal rule in this state is that where property comes lawfully into the possession of a party he cannot be charged for a conversion in failing to surrender it to the owner unless a demand therefor is made (*Gillet* v. *Roberts*, 57 N. Y. 28), and this rule applies although in his answer the defendant may set up a hostile title and claim to own the property. (*Goodwin* v. *Wertheimer*, 99 N. Y. 149.) In the present case the plaintiffs, after the default of their vendee in the payment of the purchase money allowed it to continue in possession of it. They could not charge the vendee with conversion until after demand (*O'Rourke* v. *Hadcock*, 114 N. Y. 541), and under the recent decision of this court, until the defendant's vendors were in default, those vendors had an interest of which they might dispose. (*Davis* v. *Bliss*, 187 N. Y. 77.) Therefore, the purchase by the defendant was not a wrongful act.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

Gray, Vann, Werner, Willard Bartlett and, Hiscock, JJ., concur; Chase, J., not sitting.

Judgment reversed, etc.