(142 App. Div. 500.)

KLEIN et al. v. COHEN et al.

(Supreme Court, Appellate Division, Second Department.   January 20, 1911.)

1. SALES (§ 480*)—CONDITIONAL SALES—CONVERSION—RIGHT OF ACTION.

One who contracted with the owner of a building to furnish the iron-work, reserving title pending payment, cannot recover for the conversion of a part of the ironwork unless he himself was not in default under the contract, and was entitled to possession of the material.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1448; Dec. Dig. § 480.*]

2. SALES (§ 480*)—CONDITIONAL SALES—CONVERSION BY THIRD PERSON—LIABILITY.

One who purchased land subject to plaintiffs' reservation of title under an agreement to furnish and install ironwork for the building thereon could sell the land, at least before default in the building contract, without being guilty of conversion.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1448; Dec. Dig. § 480.*]

3. SALES (§ 480*)—CONDITIONAL SALES—CONVERSION—DEMAND—NECESSITY.

One who contracted to furnish the ironwork for a building, reserving title pending payment, even if not himself in default, should have demanded a part of the ironwork furnished or payment therefor before suing as for conversion one who purchased the land at foreclosure sale, at least in absence of proof that the purchaser was a bona fide purchaser.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1448; Dec. Dig. § 480.*]

4. SALES (§ 477*)—CONDITIONAL SALES—DEFAULT BY PURCHASER—WAIVER.

One who contracted to furnish the ironwork for buildings, reserving title pending payment for the iron, waived any default by the purchaser by allowing him to finish the work.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. § 477.*]

5. SALES (§ 480*)—CONDITIONAL SALES—"CONVERSION"—WRONGFUL INTENTION—NECESSITY.

Wrongful intention is not essential to a conversion, it being sufficient if the owner has been deprived of his property by an unauthorized assumption of control and dominion, so that defendants who purchased land in the construction of the building on which plaintiff furnished the ironwork, reserving title in himself until payment therefor, were liable for conversion of such iron before it was paid for if they altered the condition of the property without authority from plaintiff, but the conveyance of the property to one not a bona fide purchaser, but who held subject to plaintiff's rights therein, did not constitute a conversion of the ironwork as to plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1448; Dec. Dig. § 480.*

For other definitions, see Words and Phrases, vol. 2, pp. 1562–1570; vol. 8, p. 7618.]

6. EVIDENCE (§ 60*)—PRESUMPTIONS—WRONGFUL ACT.

It is not to be presumed that defendants did a wrongful act.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 81; Dec. Dig. § 60.*]

Appeal from Trial Term, Kings County.

Action by William Klein and another against Louis S. Cohen and another.   From a judgment for plaintiffs and an order denying a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

motion for a new trial, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Isador Goetz, for appellants.

Forrest S. Chilton, for respondents.

THOMAS, J. On January 22, 1908, plaintiffs contracted with the owners to furnish and place all the ironwork for buildings under reconstruction, and reserved title pending payment. This contract superseded an earlier contract under which some work was done. The last material furnished by plaintiffs was prior to March 23, 1908. On June 29, 1908, the defendants bought the property on foreclosure sale. Plaintiffs had not then completed their work, and a third party, an employé of plaintiffs, contracted with somebody, presumably the defendants, to complete the ironwork, and these plaintiffs did the actual work. About December 1, 1908, the property was conveyed to one Grabscheid. Then the plaintiffs, without demanding payment or the property, sued these defendants for conversion, and recovered for parts of the stairs and fire escapes. The conditional sale agreement was filed June 27, 1908. Hence it was by the terms of the statute void as to bona fide purchasers.

The court submitted on the question of liability three questions: (1) Was the property installed under the second contract of January 22, 1908? (2) Were Cohen and Kranz bona fide holders of the property? (3) Did the defendants sell to a bona fide holder?

The plaintiffs' contention that the defendants were not bona fide holders is predicated upon evidence given by Himmelstein and Arker. There was a firm called Cohen (brother of Cohen, defendant), Himmelstein & Arker (Arker, wife of the witness Arker). Himmelstein and Arker testified: (1) That Silverblatt held for them the second mortgage foreclosed, having advanced moneys and receiving an assignment of it. He held it as early as January 27, 1908, when it was subordinated to the present first mortgage. (2) That Manning said to them that plaintiffs would not take off their lien and proceed with the work unless there was another contract with them. That they "wanted me to sign a bill of sale, that there were liens on it, and they wanted to be protected." (3) That Cohen (defendant, not the member of the firm) bought for Cohen, Himmelstein & Arker, and that Kranz represented Rich. Rich testified that he represented Kranz and learned of the plaintiffs' agreement from the bank before it advanced the money, and this must have been before the foreclosure sale.

It seems that the plaintiffs have sued the defendants as principals, and sought to prove that they were agents, and bound by notice to their principals. There is no intelligible evidence that there was notice of this agreement to Cohen, Himmelstein & Arker, although Rich, representing Kranz, admits knowledge; but as the evidence that Cohen bought for the firm is not contradicted, and as the members of the firm did not deny notice and claim a bona fide purchase, I will pass to the question whether the defendants were guilty of

conversion in selling. The plaintiffs made no demand of them for the property. They were not personally bound to pay for the property, nor were their principals. The plaintiffs did not demand payment of them. The plaintiffs did not fulfill their contract. They delivered nothing after March 23, 1908. They were not entitled to be paid the first payment until the stairs were set, nor either of the subsequent payments until the fire escapes were completed. The first payment was to be $600, and they received $600 from Haight under the trust mortgage to which they were parties. The fire escapes were not completed, but, after the foreclosure sale, the plaintiffs actually finished the work they had contracted to do under their own contract, and did so finish as representing their employé, who had made a contract therefor with somebody, presumably the defendants. The finishing was not done by them or at their expense. And yet these delinquent plaintiffs have recovered as if they had proven no default on their part, and as if at the time the defendants sold there was breach of the conditional sale agreement, and thereby no salable interest left in the defendants. If the plaintiffs claimed default, why from March 23 to December 1, 1908, did they not enforce their claim, and why after January 29th, the date of the foreclosure sale, did they finish these stairways and fire escapes for a new contractor brought in to do this work? I consider that as the case stands the defendants had a salable interest, and were justified in conveying their property. The plaintiffs could not recover unless they showed that they were not in default, and were entitled to possession.

The defendants succeeded to the property interests subject to plaintiffs' rights, if any they had, and could sell the property, at least, before default. Tompkins v. Fonda Glove Lining Co., 188 N. Y. 261, 265, 80 N. E. 933; Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458; Friedman v. Phillips, 84 App. Div. 179, 82 N. Y. Supp. 96; Powers v. Burdick, 126 App. Div. 179, 110 N. Y. Supp. 883; Hathaway v. Brayman, 42 N. Y. 322, 1 Am. Rep. 524; Hamill v. Gillespie, 48 N. Y. 556. The plaintiffs, even if not in default, should have demanded the property or payment for it, at least in absence of proof of sale thereof to a bona fide purchaser. Moran v. Abbott, 26 App. Div. 570, 50 N. Y. Supp. 337; J. L. Mott Iron Works v. Reilly, 39 Misc. Rep. 833, 81 N. Y. Supp. 323; Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458. If default is to be considered, the plaintiffs waived it by allowing defendants to finish the plaintiffs' work at the defendants' expense. Hence the defendants retained the property subject to plaintiffs' rights under their agreement. Hutchings v. Munger, 41 N. Y. 155; O'Rourke v. Hadcock, 114 N. Y. 541, 22 N. E. 33.

But it is said that defendants converted the property by selling it to a bona fide purchaser, and no demand was necessary. Industrial & General Trust, Ltd., v. Tod, 180 N. Y. 215, 73 N. E. 7, is cited. It is said:

"Conversion at law is defined to be 'an unauthorized assumption and exercise of the right of ownership over goods, or personal chattels, belonging to another, to the alteration of their condition, or the exclusion of the own-

er's rights.' Bouvier's Law Dict. A wrongful intention is not an essential element of the conversion, and it is sufficient if it appears that the owner has been deprived of his property by the defendant's unauthorized act, in assuming dominion and control. Boyce v. Brockway, 31 N. Y. 490. If in the present case the defendants were shown to have altered the condition of the plaintiff's property without authority, they might be liable in conversion. See Laverty v. Snethen, 68 N. Y. 522, 526 [23 Am. Rep. 184]; Comley v. Dazian, 114 N. Y. 161, 165 [21 N. E. 135]."

There is not the slightest evidence that they conveyed to a bona fide holder, or in any way inconsistently with plaintiffs' rights if they had any. There is no presumption that the purchaser was a bona fide purchaser, taking without notice of the conditional sale. The presumption is that the defendants committed no tortious act, and the burden was on the plaintiffs to overcome it.

There is a finding by the jury of sale to a bona fide holder, but no evidence to support it, and so the case is as if there was no finding of such fact, and falls within Hale v. Omaha Nat. Bank, 64 N. Y. 550, 556. Plaintiffs rely upon MacDonnell v. Buffalo L., T. & S. D. Co., 193 N. Y. 92, 85 N. E. 801, but there bonds held for a trust use were converted to a private use, and the case has no application.

The judgment and order should be reversed and a new trial granted, costs to abide the event. All concur.