EDITH B. LOCKHART, Respondent, v. JOSEPH A. LOCKHART, Appellant.— Judgment in an action for a separation modified by reducing the alimony to seventy-five dollars a week and as so modified affirmed, in so far as appealed from, without costs. No opinion. The ninth finding of fact and the fourth conclusion of law are modified accordingly. Lazansky, P. J., Kapper and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote to affirm without modification.

NELLIE LOWERY, Appellant, v. CENTRAL HUDSON GAS & ELECTRIC COMPANY, INC., and Another, Respondents.— Action to determine ownership in certain shares of stock. Appeal from judgment dismissing the complaint on the merits. Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. In our opinion the plaintiff was competent to testify to transactions and communications with Anna Kennedy, deceased, in reference to the shares of stock and the alleged gift, and the ruling of the court, at folio 84, was prejudicial error. (Bump v. Pratt, 84 Hun, 201; Wigm. Ev. [2d ed.] § 578; Gratwick v. Smith, 202 App. Div. 600.) Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

MARGARET E. MARTH, Respondent, v. JOHN W. BALDWIN, Appellant.— Order modified and affirmed in accordance with decision in Marth v. Baldwin (post, p. 799), decided herewith. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

MARGARET E. MARTH, as Administratrix, etc., of EDWIN MARTH, Late of the County of Kings, Deceased, Respondent, v. JOHN W. BALDWIN, Appellant.— Order granting defendant's motion to dismiss for failure to prosecute unless the action be noticed for trial for the October term, and denying the motion in the event that the action be so noticed, modified by inserting therein a provision that the denial is further conditioned upon the plaintiff's stipulating, in case they are not called or produced at the trial, that defendant's two witnesses would testify as claimed by the defendant as stated in the affidavits in respect of the condition of his car and the value of the same one month before the accident and that defendant's police witness would testify as to the respective positions of the two cars immediately after the accident as defendant claims he would testify. As thus modified the order is affirmed, without costs. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.