M. Holt Meyer, J.
On April 29,1970, petitioner was awarded $30 a month by this court for the support of herself and three children, beginning June 1, 1970. In addition arrears of $50 *7 were set under a prior order. Respondent was to pay the support through court. According to the court’s .accounts and records section, no payment was ever made. In August 1973, petitioner came hack to court to enforce the support order. Respondent did not answer a summons to appear on -September 14, and a warrant was issued. On November 15, respondent voluntarily appeared alone and informed the court that he had been in the hospital. The warrant was vacated and a hearing was set for January 7, 1974. On January 7, the petitioner and her attorney appeared and informed the court that respondent had died on December 22,1973.
At a hearing on June 26, 1974, petitioner appeared with her attorney and the attorney for respondent’s estate appeared. Petitioner was barred under CPLR 4519 ■ (the dead man’s statute) from testifying as to any transaction or communication with respondent.
However, the petitioner did introduce, over respondent’s objection, the testimony of respondent on June 29, 1973, in an examination before trial of a Supreme Court action between the parties. The respondent was asked if he had supported his wife since 1969 and he answered no, although he acknowledged that he had received a copy of a Family Court order requiring him to support her. This testimony was admissible both as an admission and a declaration against interest. (Reed v. Mc Cord, 160 N. Y. 330; Tompkins v. Fonda Glove Lining Co., 188 N. Y. 261; Richardson, Evidence [10th ed.], §§ 209, 255.)
In addition, the petitioner has offered in evidence Form No. 10-81-369 of the accounts and .records section of this court’s office of probation. This form indicates that respondent was $50 in arrears to petitioner as of April 29,1970, and that respondent was liable to petitioner for $30 a month from June 1, 1970, to December 1, 1973 or $1,290. Of the $1,340 total, the form indicates that no money at all was paid by respondent.
This form is admissible as a business record under .CPLR 4518. The court finds that such arrears statements are made in the regular course of business and that it is the regular course of business, of the court to keep such records. The fact that respondent is deceased does not prevent introduction of the arrears statement. The petitioner is not testifying to any personal transaction with respondent and, in any event, hearsay which is admissible as an exception to the hearsay rule should be allowed as a substitute for testimony otherwise barred by the dead man’s statute. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4519. 22.)
*8 Although the court feels that the arrears statement alone is sufficient to establish petitioner’s case, it bases its decision on all the evidence before it. The respondent admitted in a pretrial examination that he had not been supporting his wife pursuant to this courts’ support order, the court’s records show that respondent made no payments, and the respondent has offered no evidence showing any such payments. For the foregoing reasons, the court awards petitioner a judgment of $1,340 against the estate of respondent.