# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

76 o 1
76 607
76 1
100 445

---

[No. 12217. Department Two. — April 28, 1888.]

## BUTTE COUNTY, RESPONDENT, v. WILLIAM J. MORGAN ET AL., APPELLANTS.

TAX COLLECTOR — TREASURER — DEFALCATION — PRESUMPTION. — Under the provisions of the county government act and Political Code, if the same person is both treasurer and tax collector, and he settles his accounts as tax collector with the auditor, and receives a certificate stating the amount due from him as tax collector, which certificate is afterwards found in the treasury, the presumption is, that the money was deposited in the treasury with the certificate, and in the absence of evidence as to when a defalcation occurred, that it occurred after the money was so deposited; and the sureties of the treasurer are liable.

ID. — EVIDENCE — ADMISSION. — The admission of the receipt of money by the principal in an official bond is evidence against his sureties.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. L. Hart*, and *A. F. Jones*, for Appellants.

*J. C. Gray*, and *F. C. Lusk*, for Respondent.

HAYNE, C. — Action against a county treasurer and the sureties on his official bond. The court below gave

LXXVI. CAL.—1

judgment for the plaintiff, and the defendants appeal from the judgment, and from the order denying their motion for a new trial.

There is no doubt that the defendant Morgan did misappropriate the county funds. He was both treasurer and tax collector. The two offices, though filled by the same person, are separate and distinct, and required separate bonds. (County Government Act, secs. 57, 59; *People* v. *Ross*, 38 Cal. 77.) The other defendants are the sureties upon Morgan's bond as treasurer; and the only point made on their behalf is, that there is no evidence to show that the misappropriation occurred while he was acting as treasurer; and hence that the suit should have been against the sureties upon the bond as tax collector. There is no conflict in the evidence. The position is, that there was not enough to overcome the burden resting upon the plaintiff.

The argument made involves a consideration of the statutory provisions in relation to the duties of the officers. The following is the provision of the county government act in relation to the duties of the treasurer:—

"Sec. 71. He must receive no money into the treasury *unless accompanied by the certificate of the auditor*, provided for in section 115, or as otherwise provided by law."

The following is the provision of the same act in relation to the duties of the auditor: —

"Sec. 115. The auditor must examine and settle the accounts of all persons indebted to the county, or holding moneys payable into the county treasury, *and must certify the amount to the treasurer*, and *upon the presentation and filing of the treasurer's receipt therefor*, give to such persons a discharge, and charge the treasurer with the amount received by him."

This act has no provision with reference to the duties of tax collector. It appears to have left that subject to

be governed by the provisions of the Political Code in relation to revenue and taxation. That code, after providing that the tax collector shall deliver to the treasurer the books and lists showing his proceedings (secs. 3758–3760), has the following:—

"Sec. 3761. The auditor must carefully compare the list with the assessment-book, and if satisfied that it contains a full and true statement of all taxes due and unpaid, he must foot up the total amount of taxes so remaining unpaid, credit the tax collector who acted under it therewith, and make a final settlement with him of all taxes charged against him on the assessment-book, and must require from him the treasurer's receipt, or *if the treasurer is the collector,* require from him *an immediate account for any existing deficiency.*"

We do not understand that the section requires the auditor to demand that the money be shown to him, or that he shall count it. This is clear enough in the case of a payment by a person other than the treasurer himself. In such case it is manifest that all that the auditor has to do in the first instance is to examine the account and settle the amount due, and give a certificate thereof. The inquiry is simply as to the amount due, and not as to whether the party is in actual possession of the money. After this first operation is over, the party takes the auditor's certificate to the treasurer, and after delivering the certificate and the money to him, receives his receipt, which he takes back to the auditor, who enters a charge against the treasurer and a discharge of the person paying. The auditor is not required to go to the treasurer and ask him whether the amount has been actually paid, —or in other words, whether the receipt states the truth. He is authorized to accept the receipt as sufficient evidence of the fact of payment.

Now, when the person to make the payment is the treasurer himself, the only difference is, that the formal receipt is dispensed with as an idle ceremony. The

auditor is in such case to require the tax collector to "account" for any existing deficiency. But we do not understand that the auditor is in this case, any more than in the other, to ascertain whether the money is actually in the possession of the party, or not. Whether he may do so, or what means he is authorized to use, is not a question arising in this case. He is not bound to do so. He is authorized to rely upon the acknowledgment of the treasurer in the one case, just as he is authorized to rely upon the receipt of that officer in the other. In each case the auditor acts upon the admission of the individual who is treasurer. And we are unable to see that there is any great difference in the value of the admission.

Now, since the payment to the treasurer must *precede* the other acts, it might be worthy of consideration whether such other acts are essential to the cessation of liability of the party paying,—in other words, whether, if a party having money of the county pays it to the official authorized to receive it, he should have any further responsibility in regard to it. But it is not necessary to consider that question in the present case. If it be conceded that the liability of the party paying continues until he has taken the receipt to the auditor and got him to make the entry on his books,—or in the case of an official with dual functions, until he has acknowledged to the auditor that he has the money as treasurer, and is thereupon discharged as tax collector,— it is manifest that *when* that occurs his liability as tax collector ceases and his responsibility as treasurer begins; at least, that is *prima facie* the case.

The evidence in this cause brings it within the above rule. The tax collector produced his books and lists to the auditor, and they agreed upon the amount which was due to the county. The auditor thereupon gave a certificate, which stated that "Mr. William J. Morgan,

tax collector, *has this day* the amounts as given below to' be paid into the county treasury." The auditor "handed that certificate to Morgan personally, and he took it away with him." And the auditor thereupon credited the tax collector with the amount as paid, and charged the treasurer with it. This certificate was afterwards found in the treasury.

It is not necessary to consider what would have been the result if the defendants had offered evidence showing that the misappropriation had in fact occurred before Morgan went to the auditor, and that his subsequent proceedings were a sham. No such evidence was offered, and, as above stated, the presumptions are the other way.

These presumptions have for a basis the admissions of the defendant Morgan. He accepted, without any question, the certificate of the auditor, which contained an express statement that he then had in his hands, to be at once paid into the treasury, the amount in question; and he acted upon this statement by depositing it in the treasury. This conduct certainly amounts to an admission that the statement was true. This admission was evidence against the other defendants. For "where the question in dispute between the parties is the obligation or duty of a third person, whatever would be evidence for or against such person is *prima facie* evidence between the parties." (Code Civ. Proc., sec. 1851.) And in view of the requirement of the statute that the auditor's certificate shall accompany the payment into the treasury, the fact that the certificate was found in the treasury gives rise to an inference that the payment accompanied the certificate.

We perceive no error in the record, and we therefore advise that the judgment and order appealed from be affirmed

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Hearing in Bank denied.