MARCUS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.   (No. 6388.)

(Supreme Court, Appellate Division, First Department.   November 20, 1914.)

1. EVIDENCE (§ 377*)—DOCUMENTARY EVIDENCE—ACTION ON INDEMNITY BOND.
    In an action upon a bond conditioned to reimburse an employer for larceny by a collector, paper slips in the collector's handwriting, delivered by him to the employer's agent, in connection with the agent's testimony as to the amount paid over by the collector and the allowance due him for salary, were admissible.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1047; Dec. Dig. § 377.*]

2. EMBEZZLEMENT (§ 5*)—ELEMENTS—FELONIOUS INTENT—"LARCENY."
    Under Penal Law ·(Laws 1909, c. 88; Consol. Laws, c. 40) § 1290, declaring a person who, with intent to deprive or defraud the owner of his property or to appropriate it to the use of the taker, appropriates to his own use any money, or, having in his possession or control as agent, or as a person authorized to hold or possess or control, appropriates money to his own use, to be guilty of "larceny," an essential element of the offense of larceny by an agent is the felonious intent with which the money is kept back.
    [Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 3; Dec. Dig. § 5.*
    For other definitions, see Words and Phrases, First and Second Series, Larceny.]

3. EMBEZZLEMENT (§ 36*)—PRESUMPTIONS—FELONIOUS INTENT.
    The felonious intent will be presumed, where the agent has applied the money to his own use.
    [Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 60; Dec. Dig. § 36.*]

4. EVIDENCE (§ 243*)—ADMISSIONS—AGENT.
    In an action upon a surety bond against pecuniary loss sustained by larceny by plaintiffs' collector of rents, an admission by the collector, after the event, not constituting a part of the res gestæ, that he had used the money, was incompetent, as against the insurer, as evidence of felonious intent.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 908–915; Dec. Dig. § 243.*]

5. EVIDENCE (§ 123*)—RES GESTÆ—STATEMENTS AFTER TRANSACTION.
    Such statement was not admissible as a part of the res gestæ, because not contemporaneous with the taking of the money, or so connected with it as to be a part of the transaction.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

Appeal from Appellate Term, First Department.

Action by Nathan Marcus and another against the Fidelity & Deposit Company of Maryland.   From a determination affirming a judgment of the Municipal Court in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

See, also, 148 N. Y. Supp. 1129.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Renwick F. H. Macdonald, of New York City, for appellant.
Abraham Nelson, of New York City, for respondents.

SCOTT, J.   The defendant was surety to plaintiffs upon a bond conditioned for the reimbursement of plaintiffs for such pecuniary loss (not exceeding $1,000) as the employer shall have sustained by "any act of larceny or embezzlement" on the part of one Thomsen, employed by plaintiffs as a collector of rents.   The complaint alleges:

"That in or about the month of September, 1912, and while still in plaintiff's employ as aforesaid, the said Christian Thomsen collected as rent of said real property the sum of two thousand six hundred and thirty-two ($2,-632) dollars, of which he has accounted to the plaintiffs for the sum of two thousand two hundred and seventy-three ($2,273) dollars, leaving a balance of three hundred and fifty-nine ($359) dollars which he has failed to account for and pay over to these plaintiffs, and which sum he has wrongfully appropriated to his own use."

[1] The evidence of the amounts collected by Thomsen consisted of a series of paper slips in his handwriting and delivered by him to an agent of plaintiffs.   The agent testified to the amount paid over by Thomsen and the allowance due him for salary, thus showing the extent of the shortage alleged in the complaint.   The paper slips were competent evidence against the surety.   State Bank of Pike v. Brown, 165 N. Y. 216, 59 N. E. 1, 53 L. R. A. 513.

[2, 3] Larceny of the kind charged as having been committed by Thomsen is thus defined:

"A person who, with intent to deprive or defraud the true owner of his property, * * * or to appropriate the same to the use of the taker: * * * 1. * * * Appropriates to his own use, or that of any person other than the true owner, any money, * * * or, 2. Having in his possession, custody, or control, as a * * * agent, clerk, trustee, * * * or as a person authorized by agreement, * * * to hold or take such possession, custody, or control, any money, * * * appropriates the same to his own use, or that of any other person other than the true owner or person entitled to the benefit thereof, steals such property, and is guilty of larceny."   Penal Law (Laws 1909, c. 88; Consol. Laws, c. 40) § 1290.

An essential element of the crime is the felonious intent with which the money is kept back.   Such a felonious intent will be presumed when the taker has applied the money to his own use.

[4] To prove Thomsen's intent, plaintiffs' agent was permitted to testify that Thomsen (who is now dead) had said that he had used it. For what purpose he had used it he did not say.   This conversation was in the latter part of the month of September, and constitutes the only evidence tending to show a felonious intent on the part of Thomsen.   In our opinion the evidence was incompetent against this defendant.   It might have been used upon a criminal prosecution of Thomsen as an admission; but defendant cannot be bound by Thomsen's admissions after the event and not constituting a part of the res gestæ.

[5] The conversation is not admissible as part of the res gestæ, because it was not cotemporaneous in time with the taking of the money, and was not so connected with it as to be considered as a part of the transaction.

The determination of the Appellate Term and the judgment of the Municipal Court must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.