HAAS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term, First Department.   January 31, 1916.)

EVIDENCE ⬉243—DECLARATIONS BY AGENT.
    In an action on a burglary policy, admission of testimony of witnesses that one employed by plaintiff had made statements tending to show that he had stolen the property was error.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 908–915; Dec. Dig. ⬉243.]

Appeal from City Court of New York, Trial Term.

Action by David Haas and Sarah Haas, as executors of the last will and testament of Leopold Haas, deceased, against the Fidelity &

Deposit Company of Maryland. From a judgment for plaintiffs, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1916, before GUY, P. J., and BIJUR and GAVEGAN, JJ.

Arthur C. Mandel, of New York City, for appellant.

Prince & Nathan, of New York City (Alfred B. Nathan, of New York City, of counsel), for respondents.

GAVEGAN, J. This action was brought to recover upon a policy of insurance issued by the defendant, indemnifying Leopold Haas "for direct loss by burglary, theft, or larceny."

Plaintiffs alleged that between November 23, 1912, and Christmas week, 1912, three articles belonging to Haas were stolen. During this time Haas was an invalid, and attended by a male nurse named Arnollin. Upon the trial several witnesses were allowed to testify, over the objections of defendant's counsel, to statements made by Arnollin to them at times subsequent to the time of the alleged theft; such statements tending to show that Arnollin was the thief. The admission of this testimony was clearly error (Marcus v. Fidelity & Deposit Co., 164 App. Div. 859, 149 N. Y. Supp. 1020), and could not fail to have prejudiced the jury.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.