ALEXANDER GRANT'S SONS, Appellant, *v.* PHOENIX ASSURANCE COMPANY OF NEW YORK, Respondent.

Fourth Department, February 24, 1966.

*Byrne & Costello* (*John J. Costello* of counsel), for appellant.

*Rudolph V. Parr* for respondent.

DEL VECCHIO, J. This is an appeal by the plaintiff from a judgment dismissing the complaint at the close of plaintiff's case. The dismissal was predicated upon the ground that there was insufficient evidence before the jury to justify a verdict for plaintiff.

Defendant insurer had issued a blanket fidelity policy by which it agreed to indemnify plaintiff for losses which it might sustain as the result of dishonest acts committed by any of its employees. The action was brought to recover losses which allegedly occurred through the theft of cash and merchandise by certain employees during the term of the policy. In order to establish the fact and the amount of such misappropriations, plaintiff offered in evidence testimony by a detective of inculpatory statements made to him by four defalcating employees, while he was investigating shortages. There were also offered statements in the employees' own handwriting prepared while they were still employed by plaintiff in which they described and admitted the misappropriations. The offers of proof were made after plaintiff had established that one of the employees who had made the statements and confessions was outside the State and after the other three employees had been called as witnesses but had claimed their privilege against self incrimination. The court refused proof of oral statements made to the detective by the employees and also the written confessions, all of which were sought to be qualified as declarations against interest, upon the ground that under the rule of *Hatch* v. *Elkins* (65 N. Y. 489) they were inadmissible in an action against the insurer as not constituting part of the *res gestæ*. The policy in question specifically excluded use of inventory computations or profit and loss computations as a means of establishing either the factual existence or amount of loss. Without the statements and confessions by the defalcating employees, plaintiff was

unable to offer any evidence to establish its loss and the motion to dismiss at the close of plaintiff's case was therefore granted.

The sole question on this appeal is whether the court properly excluded the proffered evidence. This involves two considerations: (1) did the written and oral statements made by the employees qualify as declarations against interest, admissible as an exception to the hearsay rule, in the absence of proof that the declarants were dead; or (2) were such statements competent evidence against the insurance company under the holding of *Hatch* v. *Elkins* (*supra*, p. 496) that "The declarations of the principal made during the transaction of the business for which the surety is bound, so as to become part of the *res gestæ* are competent evidence against the surety; but his declarations subsequently made are not competent."

We do not find any authoritative decision in this jurisdiction which requires that death be the only cause of unavailability of a declarant which will qualify declarations against interest within the exception to the hearsay rule. Other jurisdictions and text writers in the field of evidence extend the requirement of unavailability to include situations where the declarant is unavailable because of illness, insanity, absence from the jurisdiction and the claiming of the privilege against self incrimination. (5 Wigmore, Evidence [3d ed.], § 1456; Richardson, Evidence [9th ed., Prince], § 239; McCormick, Evidence, § 257; Fisch, New York Evidence, § 893; *McKelvey Co.* v. *General Cas. Co. of America,* 166 Ohio St. 401; *People* v. *Spriggs,* 60 Cal. 2d 868; *Sutter* v. *Easterly,* 354 Mo. 282; *Weber* v. *Chicago, Rock Is. & Pacific R. R. Co.,* 175 Iowa 358; *Johnson* v. *Sleizer,* 268 Minn. 421.) We see no reason why this broader view should not be adopted in our jurisdiction so long as the statement or declaration in question meets the other requirements for a declaration against interest — viz., (1) that it be against the declarant's pecuniary or proprietary interest when made, (2) that declarant have competent knowledge of the facts, and (3) that the declaration be made at a time when there was no probable motive to misrepresent the facts (*Tompkins* v. *Fonda Glove Lining Co.,* 188 N. Y. 261). An extension to include the circumstances present in this case — absence from the jurisdiction and refusal to testify, claiming the privilege against self incrimination — does not violate the spirit of the exception; accordingly, we conclude that the proffered evidence, though hearsay in form, should be admissible as constituting declarations against interest (see *Tompkins, supra,* p. 264).

Furthermore, under the facts in this case, the statements and confessions made by the employees should be considered a part

of the *res gestæ* within the rule of the *Hatch* case. For a valuable consideration paid by plaintiff, defendant has agreed to indemnify plaintiff against losses sustained during the term of the policy as a result of employees' defalcation. Because the policy was a blanket policy which did not name particular employees but simply covered misappropriation by any employee during the term of his employment, we think that, in the language of *Hatch* declarations made during the term of employment and at a time when the employees were accused of the thefts were " declarations of the principal made during the transaction of the business for which the surety was bound " so as to become part of the *res gestæ*. We would not limit the latter term to include only declarations made contemporaneously with the acts of misappropriation, which seems too narrow an interpretation in view of the nature of the obligation assumed by the insurer (see Wigmore, Evidence [3d ed.], vol. 4, §§ 1077, 1078; vol. 6, §§ 1756a, 1768, 1769). In this respect we disagree with the decision in *Marcus* v. *Fidelity & Deposit Co.* (164 App. Div. 859) and approve the statement in *People's Bank of Sanford* v. *Fidelity & Deposit Co.* (4 F. Supp. 379, 381, affd. 72 F. 2d 932, cert. den. 293 U. S. 627): " It is well settled that an admission by the principal in an employee's bond in respect of the performance of the duties guaranteed, if made before termination of employment and while engaged in their discharge, is competent against the surety. The precise question was presented in Guarantee Co. of North America v. Phenix Insurance Co., 124 F. 170 (C. C. A. 8), and numerous authorities are cited in support of the rule. United States v. American Surety Co., 56 F. (2d) 734 (C. C. A. 2). This circuit approves the rule. Fidelity & Deposit Co. v. United States (C. C. A.) 55 F. (2d) 100. It was approved by the Supreme Court in United States v. Gaussen, 86 U. S. (19 Wall.) 198, 213, 22 L. Ed. 41." (To the same effect, see *Farmers Co-op. Exch. Co.* v. *United States Fid. & Cas. Co.,* 150 Minn. 126; *Guarantee Co. of North America* v. *Phenix Ins. Co.,* 124 F. 170; *Indemnity Ins. Co.* v. *Krone,* 177 Ark. 953; *St. Charles Sav. Bank* v. *Denker,* 275 Mo. 607, and cases cited therein; *United Amer. Fire Ins. Co.* v. *American Bonding Co. of Baltimore,* 146 Wis. 573; *Piggly Wiggly Yuma Co.* v. *New York Ind. Co.,* 116 Cal. App. 541; 21 Appleman, Insurance Law and Practice, § 12385, p. 348.)

Upon this subject, it has been said: " In a few cases it is held that a declaration, in order to be of the res gestæ, must be made at the time of the doing of the act concerning which the declaration is made; the majority of the cases, however, seem only to require that the declaration be made during the period of

employment or during the performance of the contract upon which the surety is bound." (50 Am. Jur., Suretyship, § 196, p. 1034.)

In the *Hatch* case, where declarations of the principal were excluded in an action against the surety, the surety's obligation related to a specific transaction (the buying and selling of named securities); the objectionable declarations were made long after the transaction had been completed. Here, however, the event for which the insured assumed an obligation (the employment of the employees) was still continuing at the time the employees were accused of peculation and made the statements. Under these circumstances the statements should be admissible as a part of the *res gestæ.*

It might be noted that, if such proof is not to be admitted, it is difficult to see how an employer would be able to recover on an employees' fidelity bond in most instances. Employee misappropriation usually is committed in secret; admissions of guilt are generally made, not at the time of defalcation, but at a time of subsequent investigation or apprehension. As defendant's policy provides, the insurer may specifically prohibit proof of loss by use of inventory or profit and loss computations. Without an eyewitness, nothing is left to the employer by which he may secure the benefit which he has purchased in the policy of indemnification.

The judgment appealed from should be reversed and a new trial granted.

Williams, P. J., Goldman, Henry and Marsh, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to the appellant to abide the event.