Victor E. Letendre, Respondent, *v.* Hartford Accident and Indemnity Company, Appellant.

Third Department, March 15, 1967.

*McClung, Peters & Simon (Homer E. Peters* of counsel), for appellant.

*Arthur J. Harvey* and *Thomas F. Farrell* for respondent.

Herlihy, J. This is an appeal by the defendant surety from a judgment entered upon a jury verdict in favor of the plaintiff-obligee resulting from alleged peculation by its principal.

The contention of the defendant upon this appeal is that the case of *Hatch* v. *Elkins* (65 N. Y. 489 [1875]) establishes that statements of any principal made after the acts to which they relate are not binding or admissible against his surety. This case has been cited by appellate courts on few occasions and it is our present opinion that the case should be limited to the facts that governed its decision, substantially different from the present or those in *Grant's Sons* v. *Phoenix Assur. Co.* (25 A D 2d 93).

*Hatch* v. *Elkins* (*supra*) does not establish, as appellant argues, such a broad rule, but rather it limits the purpose for which such statements may be received. It is clear from the

*Hatch* case that such admissions by a principal may not be admitted in evidence as competent proof of the amount of any peculation by the principal, but the coverage of that bond was limited to a single isolated transaction.

In the present case the defendant made no proper objections to the receipt of the statements in evidence but instead objected to their admission altogether and argues in this court that they were inadmissible.

The record establishes that the statement of July 9, 1963 was made while the principal was still employed by the plaintiff; it was elicited by or in the presence of the defendant's representatives and it was admissible as an explanation of the claimed shortage by a person who had knowledge of such facts. The statement of August 2, 1963 was admissible for the same reason although made after the employment had ceased. In addition, it is to be noted that all of the statements were admissible to impeach the credibility of the principal (see CPLR 4514).

In view of the variable state of the existing law, this court is determining that in an action on a surety bond a principal-employee statement is admissible regardless of *res gestae* or the termination of employment, but requires, as governed by the factual situation, instructions by the court as to the use and the purpose for which the statement is admitted. The employer, indemnified by the bond, is entitled to prove his action, but likewise the surety is entitled to be protected as to possible collusion between the employer and employee in attempting to recover under the coverage of the bond. (Cf. *Marcus* v. *Fidelity & Deposit Co.*, 164 App. Div. 859; *Grant's Sons* v. *Phoenix Assur. Co.*, *supra*.)

In the present instance, because of the failure of the defendant to make proper objections to the admission of the statements and to make appropriate requests to charge the jury, it is not necessary to consider how the statements should have been limited as to their proof of the facts contained therein.

While under some circumstances a reversal might be mandated, there is adequate proof in the present record dehors the statements as to the amount of the loss suffered by the plaintiff and that the principal was the party responsible for such loss.

The judgment should be affirmed.

GIBSON, P. J. (concurring). The critical writing of July 9, 1963 was, in my view, properly admissible even under appellant's narrow construction of the *res gestae* rule of *Hatch* v. *Elkins* (65 N. Y. 489), and under the privity of obligation con-

cept as well (4 Wigmore, Evidence, [3d ed.], § 1077). Granted that embezzlement by *some one* was ascertained in June, it was not shown that, prior to the giving of the July 9 statement, there was "discovery by the Insured * * * of any fraudulent or dishonest act on the part of" *Tremblay*, the bonded employee, within the language of the bond providing for cancellation of the bond upon such discovery. As respects either the *res gestae* rule or the privity of obligation rule, the *employment* continued. In any event, appellant's present contentions that plaintiff discovered Tremblay's guilt in mid-June and that, under appellant's theory, the *res gestae* terminated at that time, was not appellant's position at the trial nor the ground of its attorney's objection to the reception of the July 9 statement in evidence; and, of course, the Trial Judge was not alerted to any such theory. Instead, the basis of appellant's attorney's objection was "*that as soon as this loss was discovered,* which admittedly was by the middle of June * * * the employment * * * had ceased by the terms of the policy" (emphasis supplied); and thus appellant then made no claim that *Tremblay's guilt* was discovered in June and that the July 9 statement was objectionable on that ground.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur in opinion per HERLIHY, J.; GIBSON, P. J., in a separate memorandum, in which HERLIHY, REYNOLDS and AULISI, JJ., concur; STALEY, JR., J., concurs in the result.

Judgment affirmed, with costs.