**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**RENUART–BAILEY–CHEELY LUMBER & SUPPLY CO., Appellee.**

**No. 24676.**

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1968.

Joseph F. Jennings, Dixon, DeJarnette, Bradford Williams, McKay & Kimbrell, Miami, Fla., for appellant.

Francis Marion Pohlig, Edmond J. Gong, Miami, Fla., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

HUGHES, District Judge:

This is an appeal from a judgment in favor of Renuart-Bailey-Cheely Lumber & Supply Company, hereinafter called Lumber Company, against Lumbermen's Mutual Casualty Company, hereinafter called Casualty Company.

Casualty Company issued a policy denominated a Blanket Crimes Policy to Lumber Company in which Casualty Company agreed, in consideration of the payment of premiums, to pay Lumber Company for "I. Loss of Money, and Securities and other property which the insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others." This suit was filed to recover the amount of alleged losses due to theft of Lumber Company's employees while the policy was in full force and effect. We affirm.

As proof of the losses Lumber Company proffered written statements from six employees admitting such thefts. The statements were obtained shortly after the loss was discovered and while the men were in the employ of Lumber Company. A polygraph operator took each employee's statement after he had been examined concerning his activities at the yard. The management had ordered tests of all employees. In addition Lumber Company employed a certified public accountant to review the company's books, and a profit and loss statement was prepared.

Each of the employees admitting the theft was apparently available for testimony whether personally or by deposition at the time of the trial. Lumber Company, however, called only one to the stand, and he was only asked to verify his signature on the written statement. No other employees were called by Lumber Company, but the polygraph operator testified, and all of the written statements were introduced into evidence, over Casualty Company's objections.

Lumber Company also called its accountant, who testified as to his computations of the loss at one of Lumber Company's yards, and a written summary of his computations was put in evidence over defendant's objections.

There are three questions involved in this appeal: (1) Whether the confessory

statements were admissible, (2) Whether the profit and loss statement of the accountant relating to one of Lumber Company's yards was admissible, and (3) whether the trial judge correctly instructed the jury regarding the purpose of the accountant's testimony relating to his computations of loss. It is our opinion that all three questions should be answered in the affirmative.

■ 1. It is the contention of Casualty Company that the written confessions were inadmissible as hearsay evidence. We believe, however, that the trial judge was correct in admitting the statements under the res gestae exception to the hearsay rule.

While there does not appear to be any Florida cases on this point, decisions from other jurisdictions have held that confessory statements of dishonesty made by an employee to his employer's agent immediately after his conduct is called into question come under the res gestae exception.[1] In each of these cases the employee's confession was separated in time from the commission of the dishonest act, but it was given immediately after the employee's activities were questioned. Such a spontaneous admission of guilt by an employee to his employer, to whom he owes a duty of explanation, may be said to have built-in guarantees against fabrication which set it apart from other hearsay testimony. The circumstances under which such statements are given render them inherently trustworthy. Furthermore, the requirement urged by Casualty Company that the declarant must be unavailable as a witness is inapplicable here. The admission of these statements is justified on the ground that they are superior in reliability to the declarant's own testimony in court.

In this case the confessions of the employees were made to the polygraph operator, the agent of Lumber Company, immediately after he had questioned them about their activities at the yard. The oral admissions were then committed to writing. Under these facts the confessory statements were admissible as part of the res gestae.

■ 2. It is Casualty Company's contention that the testimony of the accountant relating to profit and loss at one of Lumber Company's yards was inadmissible because the policy made it irrelevant and immaterial. It is true that an exclusion clause in the policy disclaims coverage for " * * * that part of any loss * * * the proof of which either as to factual existence or as to amount, is dependent upon an inventory computation or a profit and loss computation * * * " But the position of Casualty Company is untenable. There is nothing in the contract which precludes the introduction of profit and loss computations. Here proof of loss could be supported by the confessory statements alone.

Under the instruction of the trial judge the testimony of the accountant and his report were admitted to enable the jury to determine whether or not the statements of the employees as to what they did is true or not true, trustworthy or not trustworthy. Irrespective of what these computations show the plaintiff is not entitled to recover any amount of loss except that which the plaintiff can prove apart from these computations.[2]

It is clear that under this instruction the jury was prohibited from considering this evidence in determining whether there was a loss or the amount of the loss. It was admitted solely for the avowed purpose of giving weight to the other evidence. It was material for that purpose and was admissible.

1. American Mutual Liability Insurance Company v. Thomas & Howard Co., 228 F.2d 550 (4th Cir. 1955); American Surety Co. of New York, v. North Texas National Bank, 14 S.W.2d 88 (Texas Civil Appeals 1929); Piggly Wiggly Yuma Co., v. New York Indemnity Co., 3 P.2d 15, 116 Cal.App. 541 (California 1931); Nock v. Fidelity & Deposit Co., 175 S.C. 188, 178 S.E. 839, 98 A.L.R. 757 (1935); Alexander Grant's Sons v. Phoenix Assurance Company of New York, 25 A.D. 2d 93, 267 N.Y.S.2d 220 (1966).

2. Record on Appeal p. 190.

3. The instruction of the trial judge with regard to the purpose for which the testimony of the accountant was admitted was neither confusing nor prejudicial, as contended by Casualty Company. Rather, the judge by his instructions made it clear that the testimony was not within the exclusionary clause of the policy and was not admitted to show the loss or the amount of the loss.

There being no error, the judgment is Affirmed.