**HAWKEYE–SECURITY INSURANCE COM-PANY, Appellant (Defendant below),**

v.

**William M. ESSERT, Appellee (Plaintiff below).**

No. 3970.

Supreme Court of Wyoming.

Dec. 3, 1971.

William S. Bon, Casper, for appellant.

Donald E. Jones, Torrington, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is a suit for declaratory judgment in which the plaintiff sought to have it declared he was covered by liability insurance in connection with a collision. The district court entered summary judgment in favor of the plaintiff.

Plaintiff was involved in an accident on July 26, 1969, with a vehicle driven by Clyde Law which resulted in a law suit against him by Clyde Law and his wife. At the time of the accident plaintiff was driving a 2½-ton grain truck which was owned by his brother and was loaded with grain harvested from a field owned by plaintiff, his brother and sister. The brother had no insurance on the truck, and the question arose as to whether or not plaintiff had coverage under his family automobile liability policy issued by defendant. Defendant denied coverage and plaintiff thereafter filed a complaint against defendant seeking a declaration of rights and obligations of the parties under the policy. Defendant answered plaintiff's complaint and alleged that a non-owned automobile used in the business of the insured was not covered by the policy. The deposition of plaintiff was taken and, subsequently, both parties moved for summary judgment based upon the deposition and the pleadings and admissions contained in the file.

The issue which the trial court was called upon to decide was whether or not the insurance company was estopped or had waived its right to raise the defense pleaded in its answer because it had previously denied liability for another reason. Plaintiff contended that by virtue of two letters written by defendant's agent, defendant denied liability because the 2½-ton truck was not a "non-owned auto" under the policy and, subsequently, in its answer denied liability because a non-owned auto used in the business of the insured was not covered by the policy.

The trial court found that defendant's ground for denial of coverage and liability under the terms of the policy asserted prior to the bringing of the action was insufficient as a matter of law and defendant was precluded from raising other grounds to deny coverage. The court further found

that defendant did have a duty to defend the suit and that under the coverage of the policy was responsible to plaintiff for all costs, attorney fees, and other expenses incurred by plaintiff in relation to the defense of said suit, and, further, that defendant was responsible within the limits and conditions of the policy for the amount of any judgment that might be rendered against the defendant as a result of said suit.

Under the terms of the policy, so far as they are pertinent, the defendant agreed to pay on behalf of the insured plaintiff all sums which the insured should become legally obligated to pay as damages arising out of the use of any "non-owned automobile." Defendant stated in its brief that the term "automobile" is not defined in the policy and concedes that the term included a 2½-ton grain truck. Therefore, the term "non-owned automobile" as used in the policy includes under primary coverage a 2½-ton grain truck. However, defendant contends that under Exclusion (h) of the policy, use by the plaintiff of the non-owned automobile in his business excludes it from coverage under the policy. Under the "PART I—LIABILITY" portion of the policy there is a paragraph entitled "Exclusions" in which it is said that the policy does not apply "(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in * * * (2) * * * business or occupation of the insured, * * *."

The defendant's regional claim manager, subsequent to the accident and prior to either suit being filed, wrote two letters to the plaintiff concerning defendant's position on the policy coverage. In the first letter it was stated:

"Although your family automobile policy does include certain provisions 'for the use of non-owned automobiles we regret to advise the coverage does not extend to the operation of this 2½ ton truck."

The second letter contained the following sentence:

"Although the policy does provide protection, under certain circumstances, for the use of non-owned automobiles, the coverage does not extend to your use of a non-owned 2½ ton truck."

The plaintiff stated in his deposition that the only information he received from defendant as to why coverage was denied was that contained in the two aforementioned letters. Plaintiff contended in his brief that this indicated that defendant denied coverage because the 2½-ton truck was not a "non-owned automobile." We think there is no basis for giving these statements such a limited meaning. Even assuming that plaintiff could reasonably have so interpreted such statements, the defense sought to be raised by the defendant is so closely related that we think defendant should not be precluded from raising it. Plaintiff was advised that the defendant denied coverage as to the particular vehicle. The reason for denial was a general one relating to a certain named vehicle, that is, the 2½-ton truck, and no specific reason for the assertion was given. There was no showing, or even an allegation by plaintiff, that he understood the defendant to claim that there was no coverage because the 2½-ton truck was not a "non-owned automobile."

Both parties devoted significant portions of their briefs and arguments to the question of estoppel and waiver. The defendant argued that coverage cannot be extended by waiver or estoppel and cited among other authorities Long, Law of Liability Insurance, § 17.16, pp. 17–15 to 17–27 (1966); 45 C.J.S. Insurance § 674, p. 616; and 16A Appleman Ins. Law and Practice, § 9090, p. 339. As argued by plaintiff, there is authority for the holding that an insurer's assertion of one defense with knowledge of the existence of other grounds may raise a waiver or estoppel precluding the subsequent assertion of such other ground where insured has

been misled to his prejudice. 43 Am.Jur.2d, Insurance, § 1146, p. 1069; 45 C.J.S. Insurance § 707, p. 677; 16A Appleman Ins. Law and Practice, § 9260, p. 673. However, as we have said, we do not believe there was any basis for a finding that defendant raised a different ground.

We make no determination as to whether or not the 2½-ton truck was being used by plaintiff in such manner as to exclude it from coverage under "(h)" of the policy. We merely hold that defendant is not precluded from raising such defense.

Reversed and remanded for trial.

Mr. Justice PARKER, concurring in the result.

The summary judgment for plaintiff was improvident since nothing in the record discloses that the insured by reason of the insurer's letters acted thereon to his detriment.