**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PRODUCERS OIL COMPANY and
CHARLES GOODALL,

      Plaintiffs-Appellees,

v.

HARTFORD FIRE INSURANCE
COMPANY,

      Defendant-Appellant.

No. 96-5071
(D.C. No. 93-C-431-H)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **TACHA**, Circuit Judges.

      This appeal presents only two questions for our resolution. Although appellant, Hartford Insurance Co., casts one issue in three roles, we conclude the seminal issue is the same no matter what form it takes; that is, whether the district court properly ruled inapplicable an exclusion in Hartford's policy. The second question is whether the district court properly awarded attorney fees to appellee, Producers Oil Co. We affirm on both issues.

---

     [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The facts of this matter are well known to the parties and need not be set forth here. We therefore address whether Producers' evidence of its loss violated that part of the policy excluding an "inventory computation." We hold that it did not.

In our view, an inventory computation is a calculation "arrived at by taking a beginning inventory, adding purchases and deducting the cost of merchandise sold." *Fidelity & Deposit Co. v. Southern Utils., Inc.,* 726 F.2d 692, 695 (11th Cir. 1984) (citations omitted). This is not the type of calculation performed by Producers' expert witness. Instead, he analogized production levels of oil from the unit where the theft occurred to those on a geologically similar unit and concluded the records produced by Producer's employee were inconsistent with likely production levels on the first unit. Based on his study of the second unit and Producer's drilling methods, the expert calculated the number of barrels of oil that should have been produced on the first unit. Multiplying the barrel price of oil at the relevant time, the expert arrived at the dollar amount of loss from the theft.

Hartford maintains this methodology is "speculative" and perforce falls within the policy exclusion. Yet, the policy does not exclude all speculative evidence; only the product of "self-created inventory records" which may be "inexact reflections of actual inventory shortages if computed on the basis of assumed average mark-ups or profit margins." *Hoboken Camera Ctr., Inc. v. Hartford Accident & Indem. Co.,* 226 A.2d 439, 447 (N.J. Super. Ct. App. Div. 1967); *see also Security Ins. Co. v. Wilson,* 800 F.2d

232, 235 n.3 (10th Cir. 1986) (provision protects insurers from covering losses that might reflect poor bookkeeping or mismanagement). Thus, the purpose of the exclusion in employee fidelity policies is to counter total reliance upon a company's own administrative records and the human errors which may be attendant to those records.

To the extent the employee's records were introduced in this case, it was to show their inaccuracies when compared to other extrinsic evidence. This usage does not implicate the inventory calculation exclusion. *See Paramount Paper Prods. Co. v. Aetna Cas. & Surety Co.*, 157 N.W.2d 763, 768 (Neb. 1968) (inventory that is simply a list of materials amount to enumeration, not inventory calculation, and is not barred by exclusion provision).

Although Hartford strongly relies upon *United States Smelting Ref. & Mining Co. v. Aetna Cas. & Surety Co.*, 372 F. Supp. 489 (S.D.N.Y. 1974), the case is inapposite. There, plaintiffs attempted to demonstrate losses by comparing the company's inventory records, which included expected recovery based upon the applicable mineral extraction process, with actual recovery of precious metals. *Id.* at 493. But the company's own inventory records served as evidence establishing the loss, the precise scenario anticipated by the exclusion provision. Producers' use of expert testimony to prove loss through extrapolation and comparison with extrinsic evidence did not replicate the *United States Smelting* paradigm. *See Southern Utils.,* 726 F.2d. at 695 (listing expert testimony as "evidence independent of any inventory or profit and loss computation").

Our review leaves us convinced the evidence produced here did not violate the policy exclusion. The district court did not err in any of its related rulings involving this issue.

Hartford raises three issues related to the district court's award of attorney fees to Producers. First, Hartford claims the district court erred in determining an award of attorney fees was mandatory under Okla. Stat. tit. 36, § 3629(B); next, appellant argues the district court improperly considered work performed prior to the filing of the proof of claim; and, finally, Hartford contends the district court erred by not apportioning fees.

Whether the district court believed it was discretionary or mandatory to grant fees is immaterial in our view. Although holding that Oklahoma law was now interpreted by state courts to require the granting of fees, the district court also indicated it would make the same award if it were discretionary. Thus, the results would be the same no matter which course the court followed. In our view, the basis for the award is patent, and we see no need to remand for further consideration of the fees awarded for the trial. We hold, however, Producers is entitled to fees for the appeal, and because we cannot engage in the necessary factual findings, we remand for determination of a reasonable amount.

We see no merit in Hartford's remaining points. Neither the policy nor the Oklahoma statute on prejudgment interest has any bearing whatever on the award of attorney fees, and Hartford's contrary position is specious. Moreover, Producers reduced

the amount of fees it sought to account for work performed in relation to other parties. No further apportionment was necessary.

The judgment is **AFFIRMED** and the cause **REMANDED** for determination of a reasonable attorney fee to be awarded to appellee for this appeal.


ENTERED FOR THE COURT



John C. Porfilio
Circuit Judge